UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDDY PEREZ and JONATHAN PEREZ,  Plaintiff, | : : : : |
| v. | :     3: 11cv1112 (WWE) |
| TOYOTA MOTOR SALES U.S.A., INC.,: CARMEL AUTO SALES, INC.,  Defendants. | : : : |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The genesis of this action is a single car accident that occurred when plaintiff Freddy Perez was driving his Toyota Tacoma with his son, plaintiff Jonathan Perez. Plaintiffs allege that defendants Toyota Motor Sales, U.S.A., Inc. and Carmel Auto Sales, Inc. are liable to them under the Connecticut Product Liability Act ("CPLA") § 52-572m through 52-572q. The defendants Toyota Motor Sales, U.S.A. and Carmel Auto Sales have filed motions for summary judgment.

For the following reasons, the motions for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of facts not in dispute along with supporting materials, including exhibits and affidavits, which reveal the following factual background.

Plaintiff is a resident of Danbury, Connecticut, who purchased a 2002 Toyota Tacoma in April 2006.

Defendant Toyota Motor Sales, U.S.A. is a corporation with its principal place of

1

business in California that is in the business of selling, marketing and distributing motor vehicles, including the Toyota Tacoma.  Defendant Carmel Auto Sales, Inc., is a corporation in Brewster, New York, that sells and repairs new and used motor vehicles.

On April 12, 2010, plaintiff Freddy Perez was driving in the northbound lane on Federal Road in Danbury, Connecticut.  He was operating a 2002 Toyota Tacoma with his son, Jonathan, in the right front passenger seat.  Freddy Perez reports that he heard the engine getting louder and the engine speed increase as he approached the intersection of Federal Road and Hardscrabble Road.  He states that he applied the brakes in order to slow down and made a right turn onto Hardscrabble Road.  He represents that, as he applied the brakes to stop on Hardscrabble Road, the engine "just took off."  He asserts that the vehicle would not slow down despite his use of the emergency brake and the fact that he kept his foot firmly on the brake pedal.  Plaintiff turned left onto Old State Road, which is uphill and has two speed bumps leading to a parking lot.  Plaintiff drove into the parking lot and eventually struck the curb and traversed onto a grassy area.  The car came to a stop after it rolled on to the driver's side of the vehicle.  Jonathan Perez recalled that he saw his father attempt to engage the emergency brake but that the car did not respond by slowing down.

At the time of the accident, the car had approximately 82,000 miles on the odometer.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The burden is on the

moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc., 664 F.2d at 351. In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Defendants argue that plaintiffs cannot prove that the vehicle was defective without expert evidence.

To bring an action pursuant to the CPLA, a plaintiff must prove (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the

injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition.  Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 214 (1997).  Thus, plaintiffs must prove that the product was defective, that the defect was the proximate cause of their injuries, and that the defect existed at the time that the car was first distributed.

However, under the malfunction theory, a plaintiff need not establish by direct evidence a specific product defect so long as evidence of some unspecified dangerous cause or condition that is related to the product's design or manufacture is present. Potter, 241 Conn. 225.   The purpose of the malfunction doctrine is to allow proof by circumstantial evidence where no direct evidence of how or why a product failed exists. Fallon v. Matworks, 50 Conn. Supp. 207, 217 (2007).  A plaintiff may use circumstantial evidence of a non-specific defect where all other identifiable causes of the alleged malfunction have been eliminated.  Metropolitan Prop. & Cas. Ins. Co. v. Deere, 302 Conn. 123,131 (2011).

Plaintiffs have not identified a specific defect that caused the accident and have not proffered expert evidence to support the assertion of such defect.  Expert testimony is of particular import to cases involving automobiles due to the complex technical issues integral to such cases.  White v. Mazda Motor of America, Inc., 139 Conn. App. 39, 49 (2012). When lay witnesses and common experience are not sufficient to remove a case from the realm of speculation, the plaintiff needs to present expert testimony to establish a prima facie case.  Metropolitan Prop. & Casualty Ins. Co., 302 Conn. at 141.

Plaintiffs maintain that their circumstantial evidence concerning the accident is sufficient to survive summary judgment. Plaintiffs have submitted their witness accounts that plaintiff Freddy Perez did not press the accelerator and attempted to slow the vehicle by using the emergency brake and the brake pedal. Plaintiffs have not explained why they have not retained an expert to examine the car, which was available for defense expert evaluation.

However, even assuming that plaintiffs may avail themselves of the malfunction doctrine, plaintiffs' claim cannot survive summary judgment without some evidence to support an inference that the defect is attributable to the manufacturer or the seller of the product.  Plaintiff must present sufficient evidence to allow the fact finder to determine that the accident did not result from causes other than a product defect existing at the time of sale or distribution.  See Hirschbeck v. Wright Medical Technology, Inc., 2011 WL 1086942, * 7-9 (Conn. Super. 2011).

In this instance, the accident occurred at least eight years after the car was manufactured in 2002, and approximately four years after it was purchased from Brewster.  Plaintiffs bear the burden to establish an "evidential bridge between the condition of the product at the time of sale until the defect manifests itself."  Hunter v. Mazda of Milford, 1999 WL 179642, *4 (Conn. Super.).  To allow a speculative inference solely from the fact of an accident, after manufacturers and sellers have lost exclusive control of the product, would convert the manufacturers and sellers into insurers of their products.  Metropolitan Property and Cas. Ins. Co., 302 Conn. at 138. Plaintiffs have not sustained their burden to raise an inference that the asserted defect existed at the time of the manufacture and sale of the car.  Summary judgment will

5

enter because the law does not permit juries to rely on speculation.  <u>Paranto v. Piotrkowski</u>, 2010 WL 4226765, *4 (Conn. Super. 2010).

## CONCLUSION

For the foregoing reasons, the motions for summary judgment [docs. # 49 and 53] are GRANTED.  The motion for hearing [doc. # 52] is MOOT.  The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this \_11\_\_ day of July, 2013 at Bridgeport, Connecticut.